IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 0571-03






DANIEL DALLAS HAWKINS, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRTEENTH COURT OF APPEALS


JEFFERSON COUNTY





 Johnson, J., filed a concurring opinion.


O P I N I O N 




 I concur in the judgment of the Court. I write separately to note how closely the prosecutor treads
to the ethical line. In Mosley v. State, 983 S.W.2d 249, 260 (Tex. Crim. App. 1998), cited by the
majority, this Court also noted the decision in United States v. Ortiz-Arrigoitia, 996 F.2d 436, 441 (1st
Cir. 1993), a case involving allegations of striking at the defendant over the shoulder of counsel. "The
appellate court was 'not persuaded that these comments were so prejudicial as to require reversal.' Id. at
441. But, the court added, 'We do not understand . . . why, after numerous warnings from this court, the
prosecuting attorneys . . . persist in spiking their arguments with comments that put their cases at risk.'" Id.
(Ellipses in original.) The same might be said of the case before us. The transgressions, while numerous,
and the instructions to disregard, while tepid, may not merit reversal, but it is difficult to understand why,
after five sustained objections for arguing outside of the record and several admonishments by the trial
court, the prosecutor persisted in such behavior.

 Further, with respect to arguments made about prior offenses, I find it disingenuous of the
prosecutor in Jefferson County to complain to the jury that appellant had received successively lower
sentences for each subsequent offense. The complained-of prior sentences were all from Jefferson County. 
According to the prosecutor, at least one of those increasingly lower subsequent sentences (1981) was the
result of a plea bargain with Jefferson County. If appellant received increasingly lower sentences, it was
because judges, juries, and/or prosecutors in Jefferson County determined that the increasingly smaller
penalties were appropriate to the charges brought by Jefferson County. It is a duplicitous act unworthy
of the state to create a situation and then to deplore its existence.


Date filed: May 19, 2004

Publish